**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

| | |
|---|---|
| **DOROTHY MAE STRAIGHT,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.: 1:20CV219 (KLEEH)** |
| **KILOLO KIJAKAZI,** **Acting Commissioner of Social Security,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

### I.      Introduction

This case arises out of the denial of Plaintiff, Dorothy Mae Straight's ("Plaintiff") application for Title II Disability Insurance Benefits ("DIB").   After Plaintiff's application proceeded through the administrative process, United States Administrative Law Judge, Jon K. Johnson ("ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act.   Plaintiff's request for review by Appeals Council was denied, making the ALJ's decision the final decision of the Defendant.   Plaintiff seeks judicial review of the ALJ's decision.

The undersigned has considered the parties' briefs and the record on appeal.   The facts and legal arguments have been adequately presented.   Accordingly, the decisional process would not be significantly aided by oral argument.   Therefore, the recommendations of the undersigned are set forth below.

### II.      Factual/Procedural History

 Plaintiff filed her application for disability benefits on or about May 15, 2017, which alleged disability beginning on or about July 31, 2013.  R. 31.  During the ALJ hearing, Plaintiff

amended her onset date to May 10, 2016.  R. 31; 110-27; 230-35.  Plaintiff's claims were denied initially and upon reconsideration.  R. 129-38; 140-51.  Plaintiff requested a hearing before an ALJ, which hearing occurred on July 24, 2019.  R. 31; 110-27.  On August 21, 2019, the ALJ issued a decision which found that Plaintiff was not disabled within the meaning of the Social Security Act.  R. 31-43.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner.  R. 1-6.  This appeal followed.

Plaintiff filed her Complaint on September 8, 2020.  ECF No. 1.  Defendant filed an Answer on February 25, 2021.[1]  ECF No. 5.  On the same date, Defendant filed a certified copy of the Social Security Administrative Record.  ECF No. 6.  Plaintiff filed her Motion for Summary Judgment and Memorandum in support on March 29, 2021.[2]  ECF Nos. 8 and 9.  Defendant filed a Motion for Summary Judgment and Memorandum in Support on April 28, 2021.  ECF No. 10. A summary of the ALJ's decision and the arguments raised on appeal is set forth below.

## III.    ALJ Decision

### A.   The Five-Step Evaluation Process

In determining whether Plaintiff is disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.  The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity.  § 404.1520(b).  If the claimant is not engaged in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe.  § 404.1520(c).  If the claimant has a severe

---

[1] Defendant filed a Motion for Extension of Time to File Answer on December 30, 2020.  The undersigned granted this Motion in an Order filed January 4, 2021.  Defendant was given until March 5, 2021 to file her Answer.
[2] Plaintiff and Defendant both requested additional time to file their respective Motions.  These requests were granted.

impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").   § 404.1520(d).   If the impairment meets or equals a listed impairment, the claimant is disabled.  *Id.*  However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. § 404.1520(e).  After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of past relevant work.  § 404.1520(f).  If the claimant does not have the RFC to do past relevant work, then they have established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences.  § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

### B.  ALJ Findings

In the instant matter, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019.  R. 33.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 10, 2016, the alleged onset date.  R. 33.  At step two, the ALJ determined that Plaintiff has the following severe impairments: spine disorder; degenerative joint disease; peripheral neuropathy; Raynaud's phenomenon; diabetes mellitus; and obesity.  R. 33.  In particular, the ALJ found that these "medically determinable impairments significantly limite[d] [Plaintiff's] ability to perform basic

3

work activities as required by SSR 85-28." R. 33.[3]  The ALJ further found that Plaintiff suffered

from the following nonsevere impairments: breast cancer; depression and anxiety.  R. 33-36.  At

step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments

that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404,

Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).  R. 36-37.

> The ALJ next determined that Plaintiff has the following residual functional capacity:
>
> to perform medium work as defined in 20 CFR 404.1567(c) except: [s]he can
> frequently climb ramps and stairs; and occasionally climb ladders, ropes, and
> scaffolds.  She can frequently stoop, kneel, crouch, and crawl; and occasionally
> balance.  She must avoid concentrated exposure to extreme cold, extreme heat,
> vibration, hazards, and pulmonary irritants.

R. 37-42.  The ALJ concluded that Plaintiff is capable of performing past relevant work as a

Correctional Officer.  The ALJ noted that this work "does not require the performance of work-

related activities precluded by the claimant's residual functional capacity." R. 42.  The ALJ further

concluded that Plaintiff is capable of performing work as a Locksmith.  R. 42.  Accordingly, the

ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act.  R. 43.

## IV.  Motions for Summary Judgment

### A.    The Standards

#### 1.    Summary Judgment

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Lawson v.*

*Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

---

[3] The ALJ did not elaborate on what "basic work activities" are limited by virtue of Plaintiff's impairments.

## 2.    Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted).  "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

Keeping these standards in mind, the undersigned will consider the arguments raised on appeal.

### B.    Arguments of the Parties

#### 1.    Plaintiff's Arguments

Plaintiff argues that this matter should be remanded because the ALJ failed to evaluate Plaintiff's cognitive impairments.  Plaintiff further argues that the ALJ erred when he found that Plaintiff's breast cancer is not a severe impairment.  Finally, Plaintiff contends that the ALJ erred when he failed to adopt limitations related to certain impairments that he found to be severe.

#### 2.    Defendant's Arguments

Defendant argues that: (1) substantial evidence supports the ALJ's findings at Step Two of the Sequential Evaluation Process; (2) the ALJ properly followed the new regulatory framework for evaluating medical opinions; and, (3) the ALJ fully accommodated Plaintiff's severe peripheral

neuropathy and Raynaud's phenomenon.   Defendant therefore maintains that remand is not required and that the Court should affirm the ALJ's decision.

### C.    Discussion

After considering the parties' briefs, the administrative record, the applicable law, and the Court file, the undersigned is satisfied that, for the following reasons, Plaintiff's Motion should be granted in part and denied in part; and that Defendant's Motion should be granted in part and denied in part.

### 1.    Cognitive Impairments

Plaintiff first argues that in evaluating whether Plaintiff suffers from severe impairments for purposes of the Social Security Act, the ALJ failed to evaluate the severity of Plaintiff's cognitive impairments.  In particular, Plaintiff claims that the ALJ failed to determine the severity and impact of Plaintiff's borderline intellectual functioning in his decision.  As a result, Plaintiff contends that this matter should be remanded so that the ALJ can consider this issue.  A review of the ALJ's opinion, however, reveals that this argument is without merit.

At R. 34-36, which Plaintiff contends is the relevant portion of the ALJ's analysis, the ALJ noted Ms. Melodye Hornish, M.A.'s finding of Plaintiff's full-scale IQ score – 81.  The ALJ further noted that this placed Plaintiff within the low average level of intellectual functioning. Notwithstanding this, however, the ALJ determined that, based upon the COGNISTAT testing administered by Ms. Hornish and Ms. Hornish's additional examination, Plaintiff experienced no greater than a mild limitation in relevant areas of mental functioning.  R. 34-36.  Thus, the ALJ concluded that Plaintiff's cognitive deficits did not result in a severe impairment.  A review of Ms. Hornish's report supports this conclusion.  R. 1157-1165.

Plaintiff met with Melodye Hornish, M.A. on February 25, 2018.  At that time, Ms. Hornish conducted the following examinations: a clinical interview; a mental status examination; Wechsler Adult Intelligence Test – Fourth Edition (WAIS-IV); and a neurocognitive behavioral status test (COGNISTAT).  Ms. Hornish's diagnostic impressions included, among other things, that Plaintiff has borderline intellectual functioning.  However, beyond noting that Plaintiff's full-scale IQ was consistent with Plaintiff's reported academic and employment history, Ms. Hornish did not opine that Plaintiff's mental functioning is limited in any way by this diagnostic impression.  Moreover, and as the ALJ correctly noted, the evidence of record does not otherwise indicate that Plaintiff experiences more than a minimal limitation in her ability to do basic work activities as a result of her cognitive impairments.  R. 34, 36.  For these reasons, the undersigned would conclude that substantial evidence supports the ALJ's decision vis-à-vis this issue, and this assignment of error is without merit.

### 2.    Breast Cancer

Plaintiff next argues that the ALJ erred when he found that her breast cancer was a nonsevere impairment.  In particular, Plaintiff contends that the ALJ failed to consider the length of Plaintiff's medical treatment for her breast cancer and the effects of the same, and erred when he relied solely on the fact that Plaintiff's breast cancer was in remission to make the finding that Plaintiff's breast cancer is a nonsevere impairment.  Plaintiff further argues that the ALJ failed to explain his reasons for rejecting the opinions of medical experts Dr. Cindy Osborne and Dr. Atiya Lateef, both agency physicians, who found that Plaintiff's breast cancer was a severe impairment. Finally, Plaintiff contends that, in rejecting their opinions, the ALJ improperly substituted his own lay opinion in place of expert opinion.  For the reasons that follow, the undersigned would agree with Plaintiff's arguments vis-à-vis this issue.

As is clear from the ALJ's opinion, the ALJ found that Plaintiff's breast cancer is a nonsevere impairment "because it is in remission with no continuing signs of malignancy." R. 33. Beyond this statement, however, the ALJ makes no analysis of Plaintiff's diagnosis, her treatment, or her prognosis. Simply because Plaintiff's breast cancer was in remission at the time of the ALJ hearing does not necessarily mean that Plaintiff would not be entitled to disability benefits as a result of her diagnosis of breast cancer, however. Indeed, a review of the prevailing statutory and case law demonstrates that a claimant may be eligible to collect disability benefits for a closed period of disability so long as the applicable time requirements and the requirements regarding substantial gainful activity are met. *See* 42 U.S.C.A. § 423(f). *See also Ordewald v. Barnhart*, 351 F.Supp.2d 499, 503-504 (W.D. Va. Jan. 5, 2005) (contemplating Plaintiff's pursuit of disability benefits for a closed period of disability); *Small v. Astrue*, 2009 WL 3029737, at *6 (E.D.N.C. Sept. 22, 2009) (citing ALJ's decision to award a social security claimant disability benefits for a closed period of disability). The ALJ failed to evaluate this possibility. Given the evidence of record, this failure was in error.

In order to obtain disability benefits, an individual seeking disability insurance benefit payments must be "disabled" within the meaning of 42 U.S.C.A. § 423(d)(1)(A), which defines "disabled" in relevant part as follows:

> [the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In addition to the minimum time requirements set forth above (not less than 12 months), an ALJ must determine whether, during the time in question, a claimant was unable to engage in substantial gainful activity as a result of any physical or mental impairment. 42 U.S.C.A. § 423(d)(2)(A). *See also Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002) ("the statute…specifies

8

that the impairment must last 12 months and also be severe enough to prevent the claimant from engaging in virtually any substantial gainful work") (internal quotations omitted).

In the instant case, there is evidence that could support a conclusion that Plaintiff was disabled for not less than twelve months, and during that time, was unable to engage in substantial gainful activity. There is evidence that Plaintiff was suffering from and treating for breast cancer on the alleged onset date of May 10, 2016 (the date on which she began chemotherapy). R. 31; 113; 230-35; ECF No. 9; ECF No. 10-1. According to medical evidence, she was still undergoing treatment for her breast cancer diagnosis in July 2018, over twenty-four months after her date of onset. R. 1201-05. While the treatment may not have been chemotherapy, it was nevertheless treatment for breast cancer.[4]

Additionally, at her July 2018 appointment with her oncologist, Plaintiff complained of back and hip pain, emotional difficulties and painful intercourse/loss of libido. Plaintiff's treating physician, Dr. Interjit Mehmi attributed these complaints to Plaintiff's adjuvant endocrine therapy. R. 1201-05. Courts have held that the extent and nature of cancer treatment and the effects of the same, including new and ancillary conditions caused by said treatment, should be factored into the analysis of whether a claimant's cancer constitutes a severe impairment. *See Craft v. Colvin*, No. 4:12-cv-184, 2013 WL 4674857, at *2 (E.D.N.C. Aug. 30, 2013) (holding where ALJ decided a plaintiff was not disabled based solely on the fact that plaintiff's cancer was in remission was error and remanded for further consideration of the record, including ongoing effects of treatment received for plaintiff's cancer). Given that there is evidence Plaintiff treated for breast cancer for over 12 months, and given the fact that Plaintiff complained of impactful symptoms from her cancer treatment, consideration of whether Plaintiff's breast cancer constitutes a severe

---

[4] Plaintiff was undergoing adjuvant endocrine therapy at the WVU Cancer Center on this date. R. 1201-1205.

9

impairment (beyond simply noting that it was in remission at the time of the ALJ hearing) was warranted.

This conclusion is reinforced by the fact that both state agency physicians/medical experts (Dr. Cindy Osborne and Dr. Aitya Lateef) found that Plaintiff's breast cancer constituted a severe impairment.  R. 145, 148-49; and 133, 135-36.  The ALJ failed to specifically address these opinions or explain why his evaluation differed from these experts' opinions, however.  Taken in conjunction with the timeline of Plaintiff's breast cancer and treatment (over 12 months), and considering the evidence of record which shows that Plaintiff suffered effects from her treatment, this departure and the failure to explain the same is concerning.  This failure is particularly concerning because the ALJ found those same agency experts' opinions to be "persuasive." R. 42.

Defendant contends that the ALJ was not obligated to follow particularized procedures with respect to evaluating agency medical opinions.  ECF No. 10-1 at p. 12.  Defendant argues that instead, the ALJ must focus on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; (5) other factors.  *Id*. (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c) (2017)).  This argument is misplaced.  The ALJ found the agency medical experts' opinions to be "persuasive," and yet appears to have rejected their assessment of Plaintiff's breast cancer as "severe."  *See* R. 42; *but see* R. 33.  This inconsistency must be explained.

The undersigned further notes Defendant's arguments that the medical evidence of record does not support a finding that Plaintiff's breast cancer constitutes a severe impairment.  For example, Defendant notes that Plaintiff's complaints of pain were not as significant as Plaintiff's brief indicates.  ECF No. 10-1 at p. 11 ("Plaintiff overstates the significance of her complaints

10

during this time-period.")  Defendant cites to several medical records to support this contention. Defendant also cites to parts of the transcript which Defendant believes demonstrate that Plaintiff was physically able to conduct activities of daily living during the time-period at issue.  ECF No. 10-1 at p. 11-13.  These arguments are not supportive of Defendant's position, however.  Rather, they further highlight the conflicts in the evidence concerning Plaintiff's breast cancer.

On the one hand, there is evidence that could support the ALJ's finding that Plaintiff's breast cancer is a nonsevere impairment.  On the other, there is evidence that Plaintiff's breast cancer constitutes a severe impairment.  Such a conflict of evidence would allow reasonable minds to differ as to whether Plaintiff's breast cancer is a severe impairment, and whether that impairment rendered Plaintiff disabled (even if only for a finite period of time).  Resolution of this conflict is not for the District Court but is for the ALJ.  *See Triplett v. Saul*, ____ Fed.Appx. _____, 2021 WL 2580589, at *6 (4th Cir. 2021) ("[i]n reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ….Rather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ") (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)).  As a result, this issue must be remanded for further consideration by the ALJ.

### 3.      Failure to adopt limitations

Finally, Plaintiff argues that the ALJ erred when he failed to adopt limitations related to certain impairments he found to be severe.  Specifically, Plaintiff notes the ALJ's finding at step two that Plaintiff's Raynaud's syndrome and peripheral neuropathy constitute severe impairments. Plaintiff contends that, notwithstanding this finding, the ALJ failed to adopt limitations in the RFC which would have accounted for these severe impairments.  As a result, Plaintiff argues that the

ALJ's RFC finding is inconsistent with the finding that Plaintiff's Raynaud's syndrome and her peripheral neuropathy are severe impairments. As will be explained below, this argument is without merit.

There is no requirement that every severe impairment correlate with a particular restriction in the RFC. *Langenhuizen v. Saul*, 2021 WL 1208869, at *5 (E.D. Wisc. Mar. 31, 2021) (citing *Carrier v. Astrue*, No. CIV. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013)). Importantly, Step 2 of the ALJ's analysis requires only a *de minimis* showing. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987); *Felton-Miller v. Astrue*, 459 Fed.Appx. 226, 230 (4th Cir. 2011). Therefore, a finding that a claimant's impairment is "severe" does not necessarily mean that the impairment will affect the RFC. *Langenhuizen v. Saul*, 2021 WL 1208869, at *5. Stated another way, simply because the ALJ found Plaintiff's peripheral neuropathy and Raynaud's Syndrome constituted severe impairments does not necessarily mean that those impairments will or should affect the RFC.

Moreover, the ALJ explained in detail at R. 38-39 why Plaintiff's peripheral neuropathy did not necessitate an RFC limitation. The ALJ thoroughly analyzed Plaintiff's treatment records and compared the findings therein with Plaintiff's complaints of pain and restriction, finding that Plaintiff's complaints were not supported by the record. In fact, the ALJ found evidence that Plaintiff suffered minimal pain and limitations as a result of her peripheral neuropathy. The evidence of record supports these findings. *See* evidence of record cited at R. 38-39 of ALJ opinion.

Notwithstanding the above, and in accordance with the evidence of record, the ALJ included within the RFC an accommodation for Plaintiff's Raynaud's Syndrome (to avoid exposure to the cold). This accommodation is supported by the evidence of record, including but

12

not limited to the findings of Dr. Lateef and Dr. Osborne.  R. 132-151.  Given the above, the undersigned would conclude that the ALJ did not err with regard to Plaintiff's RFC and the accommodations made therein.  The undersigned would further conclude that substantial evidence supports the ALJ's RFC findings with respect to Plaintiff's peripheral neuropathy and Raynaud's syndrome.

## V.    Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's Motion for Judgment on the Pleadings [ECF No. 8] be **GRANTED IN PART AND DENIED IN PART.**  The undersigned would further **RECOMMEND** that Defendant's Motion [ECF No. 10] for Summary Judgment be **GRANTED IN PART AND DENIED IN PART**. Finally, the undersigned would **RECOMMEND** that this matter be **REMANDED** to the ALJ for further proceedings as set forth more fully above.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record. <u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.</u> *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).**

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.   The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 19th day of August, 2021.

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE